NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HELENA HUNTERS AND ANGLERS
ASSOCIATION; WESTERN
WATERSHEDS PROJECT; SIERRA
CLUB; WILDEARTH GUARDIANS,

Plaintiffs - Appellants,

v.

RANDY MOORE, in his official capacity
as Chief of the U.S. Forest
Service; UNITED STATES FOREST
SERVICE; MARTHA WILLIAMS, in her
official capacity as Director of the U.S. Fish
and Wildlife Service; UNITED STATES
FISH & WILDLIFE SERVICE; DEBRA
HAALAND, in her official capacity as
Secretary of the Interior; UNITED STATES
DEPARTMENT OF THE INTERIOR,

Defendants - Appellees.

No. 23-4120

D.C. No.
9:22-cv-00126-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted February 6, 2025
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BEA, KOH, and SUNG, Circuit Judges.

Plaintiffs, a collection of environmental advocacy organizations, appeal from the district court's order that granted summary judgment to Defendants, several federal agencies and officials, on all of Plaintiffs' claims. Plaintiffs sued to challenge the U.S. Forest Service's implementation of a 2021 Land Resource Management Plan ("the 2021 Plan") for the Helena-Lewis and Clark National Forest ("the Forest") in Montana, alleging violations of several federal statutes. On appeal, Plaintiffs seek reversal based only on their claim under Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536. We have jurisdiction to review the district court's order pursuant to 28 U.S.C. § 1291.

We review the district court's summary judgment ruling de novo. *Ctr. for Biological Diversity v. Haaland*, 87 F.4th 980, 986 (9th Cir. 2023). Challenges to agency action under the ESA are governed by the same standards as the Administrative Procedure Act, 5 U.S.C. § 706. *Karuk Tribe of California v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc). Under that standard, this Court should set aside the agency action if it is "arbitrary, capricious, . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Because the parties are familiar with the facts, we recite them here only as necessary to explain our decision. We affirm.

Plaintiffs argue that the implementation of the 2021 Plan violated the ESA

because the plan was supported by an inadequate Biological Opinion from the U.S. Fish and Wildlife Service ("FWS") regarding the impact of the 2021 Plan on grizzly bears. Specifically, Plaintiffs focus on the elimination of ten wildlife standards that were included in the previous plan governing the Forest, which was implemented in 1986 ("the 1986 Plan"). Those ten standards in the 1986 Plan were implemented explicitly to protect "big game" species in the forest, which include species such as elk and moose (but not grizzly bears, which are not big game). The standards governed matters such as vegetation, forest cover, road management, and motorized access that Plaintiffs say had incidental beneficial effects on the Forest's grizzly bears. Because the 2021 Plan did not include those ten wildlife standards from the 1986 Plan, Plaintiffs argue that FWS was required to evaluate explicitly the effects of eliminating the wildlife standards on grizzly bears in the Biological Opinion.

We do not agree. FWS was not required to spell out, separately and specifically, all changes between the 1986 Plan and the 2021 Plan and their incremental effects on grizzly bears. Instead, the text of the ESA and its implementing regulations requires a more wholistic approach that was satisfied here. *See Conner v. Burford*, 848 F.2d 1441, 1453 (9th Cir. 1988) ("Thus, the scope of the agency action is crucial because the ESA requires the biological opinion to analyze the effect of the *entire* agency action."). FWS was required to

develop an opinion as to whether the implementation of the 2021 Plan was "likely to jeopardize the continued existence of" grizzly bears. 50 C.F.R. §§ 402.02, 402.14. To form that opinion, the regulations require FWS to "[a]dd the effects of the action and cumulative effects to the environmental baseline." *Id.* § 402.14. Plaintiffs concede on appeal that FWS properly evaluated the environmental baseline, and they do not advance any argument as to a failure to consider any "cumulative effects." That leaves the "effects of the action" portion of the analysis. Plaintiffs do not argue on appeal that FWS erroneously assumed that the ten wildlife standards from the 1986 Plan were carried forward with the 2021 Plan. To the contrary, the subject matter of those eliminated standards was covered in detail in the Biological Opinion's effects of the action analysis. The analysis by FWS therefore captured the total net effect of implementing the *entire* forest plan on the continued existence of grizzly bears. *See Nat. Res. Def. Council v. Haaland*, 102 F.4th 1045, 1069 (9th Cir. 2024) (finding ESA satisfied where FWS's analysis "considered the full effect of the implementation" of an agency action and explaining that the agency is required to "analyze the effect of the *entire* agency action" (quoting *Conner*, 848 F.2d at 1453)).

In sum, we conclude that FWS properly analyzed the effects of implementing the 2021 Plan, as a whole, on the Forest's population of grizzly bears. We decline to impose any additional requirement that FWS conduct its

analysis at a more granular level than the statute requires.  *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 472 (9th Cir. 2010).

**AFFIRMED.**